UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT NEW YORK

---------------------------------------------------------------x

MARK LEYSE, individually and on behalf of all others similarly situated,

                 Plaintiff,

- against -

LIFETIME ENTERTAINMENT SERVICES, LLC,

                 Defendant.

---------------------------------------------------------------x

No. 13-cv-5794 (AKH)

# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR ENTRY OF JUDGMENT AND TO DISMISS THE COMPLAINT

Sharon L. Schneier
Edward J. Davis
Eric J. Feder
DAVIS WRIGHT TREMAINE LLP
1251 Avenue of the Americas, 21tst Floor
New York, New York 10020
(212) 489-8230
Fax: (212) 489-8340
Email: sharonschneier@dwt.com
Email: eddavis@dwt.com
Email:  ericfeder@dwt.com

*Attorneys for Defendant
Lifetime Entertainment Services, LLC*

# TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ....................................................................................................... 2

BACKGROUND .............................................................................................................................. 3

    A.    Procedural History ............................................................................................... 3

    B.    The Offer of Judgment .......................................................................................... 3

ARGUMENT .................................................................................................................................... 4

    A.    The Court Should Enter Judgment Pursuant to the Terms of the Offer .................. 4

    B.    The Offer of Judgment Provides Plaintiff With Complete Relief ......................... 5

    C.    Because the Offer of Judgment Provides Complete Relief the Case Should Be Dismissed as Moot .................................................................................................. 6

CONCLUSION ................................................................................................................................. 9

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bank v. Caribbean Cruise Line, Inc.*,
   606 F. App'x 30 (2d Cir. July 10, 2015)........................................................8, 10, 11

*Cabala v. Crowley*,
   736 F.3d 226 (2d Cir. 2013)...........................................................................................7

*Campbell-Ewald Co. v. Gomez*,
   No. 14-857, 2016 WL 228345 (U.S. Jan. 20, 2016)..........................................10, 11

*Franco v. Allied Interstate LLC*,
   No. 13-CV-4053 (KBF), 2015 WL 7758534 (S.D.N.Y. Nov. 30, 2015) ............................8, 10

*Hepler v. Abercrombie & Fitch Co.*,
   607 F. App'x 91 (2d Cir. June 22, 2015) ....................................................... *passim*

*Klein v. Vision Lab Telecommunications, Inc.*,
   399 F. Supp. 2d 528 (S.D.N.Y. 2005)...........................................................................8

*Maximo v. 140 Green Laundromat*,
   No. 14 Civ. 6948 KPF, 2015 WL 4095248 (S.D.N.Y. July 7, 2015) ..................8, 10

*Tanasi v. New Alliance Bank*,
   786 F.3d 195 (2d Cir. 2015)....................................................................................10, 11

**Statutes**

47 U.S.C. § 227 *et seq.*................................................................................................5, 8, 9

**Other Authorities**

47 C.F.R. § 64.1200(a)(2)..................................................................................................9

F.R. Civ. P. § 68..........................................................................................................5, 6, 7

Defendant Lifetime Entertainment Services, LLC ("Lifetime" or "Defendant") respectfully submits this memorandum of law in support of its motion for entry of judgment against Defendant and, in favor of Plaintiff upon the same terms as those set forth in Defendant's Rule 68 Offer of Judgment, and, upon entry of judgment, to dismiss the Complaint as moot (the "Motion").

## **PRELIMINARY STATEMENT**

In this action alleging a single violation of the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227 *et seq.* ("TCPA"), the plaintiff, Mark Leyse ("Plaintiff" or "Leyse"), would be entitled to a maximum award of $1,500.00—$500 in statutory damages, plus $1,000 in order to triple the statutory damages in the event the Court found the alleged violation of the statute willful or knowing. Lifetime has served an offer of judgment under Federal Rule of Civil Procedure 68 ("Rule 68"), which allows entry of judgment in Leyse's favor of a sum of $1,503.00 plus costs, as well as an injunction prohibiting the Defendant from calling Plaintiff at the telephone number previously called in alleged violation of the TCPA. This amount is greater than what Plaintiff could recover in this lawsuit if he prevailed at trial.

Under established Second Circuit precedent, when an offer of judgment under Rule 68 provides for the complete relief that a plaintiff is seeking in a lawsuit, the appropriate course of action is for the district court to enter judgment consistent with the offer of judgment "with or without the Plaintiff's consent." *Hepler v. Abercrombie & Fitch Co.*, 607 F. App'x 91, 92 (2d Cir. June 22, 2015). Thereafter, inasmuch as the plaintiff has attained the full recovery to which he could be entitled, there is no longer a live case or controversy between the parties and the court should dismiss the case for lack of subject matter jurisdiction because the case is moot. *See id.*

2

Accordingly, because the offer of judgment provides complete relief to Plaintiff, the Court should enter judgment consistent with the offer and dismiss this case as moot.

## BACKGROUND

### A. Procedural History

Plaintiff alleges that, on or about August 19, 2009, Lifetime violated the TCPA by placing – or causing an unidentified third party to place – a *single* twenty-second pre-recorded call to a residential telephone line (the "Call"). (ECF No. 1 ("Compl.") ¶ 7.) On behalf of himself and a putative class, Plaintiff sought statutory damages of $500 per violation, before trebling, and injunctive relief. (Compl., Prayer for Relief.)

On May 15, 2015, Lifetime moved for summary judgment (ECF Nos. 62-68), and Leyse moved for class certification. (ECF Nos. 69-72.) On September 22, 2015, the Court denied Lifetime's motion for summary judgment as well as Plaintiff's motion for class certification. (ECF No. 96.) Plaintiff's motion for reconsideration of the Court's denial of class certification was also denied. (ECF No. 102.)

On October 30, 2015, Plaintiff filed a Petition with the United States Court of Appeals for the Second Circuit under Rule 23(f) of the Federal Rules of Civil Procedure seeking review of the Court's denial of the motion for class certification. *See* No. 15-3495 (2d Cir.). Lifetime filed its opposition to that petition on November 12, 2015, and the petition is now *sub judice*.

A non-jury trial in this action is set for April 4, 2016. (ECF No. 106.)

### B. The Offer of Judgment

On January 5, 2016, Lifetime served Plaintiff with an offer of judgment under Rule 68, offering to have judgment entered against it for the full amount that Plaintiff could possibly attain in this lawsuit. (*See* Schneier Decl. ¶¶ 2-4 and Ex. A (the "Offer of Judgment") and B (Certificate of Service of the Offer of Judgment).) Specifically, the Offer of Judgment offered

3

to allow entry of judgment in favor of Plaintiff and against Defendant in full satisfaction of his claim of damages for violation of the TCPA as follows:

> a. Judgment for the sum of one thousand five hundred and three dollars ($1,503.00) plus any and all recoverable costs reasonably and actually accrued and documented as of the date of this Offer, as determined by the Court. Attorney's fees are not recoverable under the TCPA; and
>
> b. Lifetime will be enjoined from violating 47 U.S.C. §§ 227(b)(1)(B) and 47 C.F.R. § 64.1200(a)(2) with respect to Plaintiff.

Schneier Decl. Ex. A.

Under Rule 68(a), Leyse had 14 days (until January 19, 2016) to accept or reject the offer. To date, Leyse has not accepted or rejected the Offer of Judgment. (*See* Schneier Decl. ¶ 5.)

Lifetime will pay Leyse in the amount of $1,503.00, plus costs as ordered by the Court, upon entry of judgment and receipt of a completed Form W-9 from Leyse, which is required in order to effectuate payment. (*See id.* ¶ 6.)

## ARGUMENT

### A. The Court Should Enter Judgment Pursuant to the Terms of the Offer

The Second Circuit has instructed that when an offer for judgment "tenders *complete* relief [to a plaintiff], the court should (absent additional procedural complications) enter judgment pursuant to the terms of that offer, *with or without the plaintiff's consent*." *Hepler*, 607 F. App'x at 92 (second emphasis added). *See Cabala v. Crowley*, 736 F.3d 226, 228 (2d Cir. 2013) (explaining that the "typically proper disposition" where a plaintiff does not accept an offer of judgment "for the full amount of damages owed," "is for the district court to enter judgment against the defendant for the proffered amount and to direct payment to the plaintiff consistent with the offer") (citing *McCauley v. Trans Union, LLC*, 402 F.3d 340, 342 (2d Cir.

4

2005)); *see also Bank v. Caribbean Cruise Line, Inc.*, 606 F. App'x 30, 31 (2d Cir. July 10, 2015) (affirming district court's entry of judgment that afforded plaintiff "all the relief he sought"). As the court explained, "a defendant offering judgment for complete relief is, in essence, submitting to the entry of default judgment. Just as a defendant may end the litigation by allowing default judgment, a defendant may always end the litigation by offering judgment for all the relief that is sought." *Hepler*, 607 F. App'x at 92 (internal citations omitted).

Courts in this district now follow this directive from the Court of Appeals. *See, e.g., Franco v. Allied Interstate LLC*, No. 13-CV-4053 (KBF), 2015 WL 7758534, at *3 (S.D.N.Y. Nov. 30, 2015) (entering judgment even where "parties disagree[d] as to whether judgment should be entered" because the offer of judgment "provide[d] plaintiff complete satisfaction of the relief he s[ought] in his Complaint" (citing *Hepler*, 607 F. App'x at 92)); *Maximo v. 140 Green Laundromat*, No. 14 Civ. 6948 KPF, 2015 WL 4095248, at *3 (S.D.N.Y. July 7, 2015) (granting motion to enter judgment where there was no dispute that offer of judgment provided complete relief).

Because, as set forth below, the Offer of Judgment provides complete relief to Plaintiff, the Court should enter judgment consistent with its terms, even though he declined to accept it.

**B.  The Offer of Judgment Provides Plaintiff With Complete Relief**

The Offer of Judgment of $1503.00 in damages plus costs (as well as injunctive relief), provides more than the full amount of relief that Leyse seeks in the Complaint.

A successful plaintiff bringing an action for violation of the TCPA is entitled to recover his actual monetary losses or to elect statutory damages of $500 per violation. 47 U.S.C § 227(b)(3)(B). If the court finds that the defendant's violation was willful or knowing, the court may triple the damages awarded. *Id.* § 227(b)(3)(C). The TCPA does not provide for recovery of attorneys' fees by a prevailing party. *See generally id.*; *Klein v. Vision Lab*

5

*Telecommunications, Inc.*, 399 F. Supp. 2d 528, 542 (S.D.N.Y. 2005) (noting that the TCPA "makes no provision for attorney's fees or costs," and "absent explicit congressional authorization, attorney's fees are generally not recoverable" (citing *Key Tronic Corp. v. United States,* 511 U.S. 809, 814 (1994))).

In the Complaint, Plaintiff does not allege that he suffered any actual damages, and instead expressly seeks statutory damages of $500, plus additional damages of $1,000 in the event that the Court were to find that Lifetime's violations were made knowingly or willfully—a total maximum award of $1,500.00. (*See* Compl., Prayer for Relief.)[1] Leyse also asks the court for an order pursuant to 47 U.S.C. § 227(b)(3)(A) enjoining Lifetime from violating 47 U.S.C. § 227(b)(1)(B) and 47 C.F.R. § 64.1200(a)(2).

By offering a judgment of $1,503.00, as well as an injunction against violating 47 U.S.C. § 227(b)(1)(B) and 47 C.F.R. § 64.1200(a)(2) as to Leyse, Lifetime has proffered more than the complete relief Plaintiff could possibly recover in this litigation, including treble damages under the assumption that Leyse could show that the alleged violation of the TCPA was willful. *See* Schneier Decl. Ex. A.

Accordingly, the Court should enter judgment consistent with the terms of the Offer of Judgment. *See Hepler*, 607 F. App'x at 92.

**C. Because the Offer of Judgment Provides Complete Relief the Case Should Be Dismissed as Moot**

Once judgment against Lifetime is entered, Plaintiff will have obtained all the relief that he could have achieved in this litigation. The Complaint should therefore be dismissed as moot because there is no longer a live case or controversy between the parties.

---

[1] During his deposition, Leyse confirmed that he was not seeking monetary damages other than the statutory damages available. (*See* Schneier Decl. Ex. C, at 68:4-69:10.)

"A case becomes moot pursuant to Article III's Case or Controversy Clause when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Tanasi v. New Alliance Bank*, 786 F.3d 195, 199 (2d Cir. 2015) (quoting *Knox v. Serv. Emps. Int'l Union, Local 1000*, 132 S.Ct. 2277, 2287 (2012)) (brackets and quotation marks omitted). Although a mere unaccepted Rule 68 offer of judgment—even one that purports to offer complete relief—does not moot a case on its own, the Second Circuit has held that *entry* of judgment for complete relief against a defendant *does* moot a plaintiff's claim. *See Tanasi*, 786 F.3d at 200 ("[A]*fter* judgment is entered, the plaintiff's individual claims will become moot for purposes of Article III.") (citing *ABN Amro Verzekeringen BV v. Geologistics Americas, Inc.*, 485 F.3d 85, 94 (2d Cir. 2007) ("Mootness, in the constitutional sense, occurs when the parties have no 'legally cognizable interest' or practical 'personal stake' in the dispute, and the court is therefore incapable of granting a judgment that will affect the legal rights as between the parties.")); *see also Hepler*, 607 F. App'x at 92 ("[T]he entry of judgment pursuant to th[e Rule 68] offer ... 'moots' the case. Mootness, in the constitutional sense, would require dismissal for lack of subject matter jurisdiction."); *Bank*, 606 F. App'x at 31 (affirming dismissal, holding that the plaintiff's "claims were mooted by the district court's entry of a judgment providing him with complete relief" after Rule 68 offer of judgment). Courts in this District have held, in accordance with this line of cases and its reasoning, that where an offer for judgment that provides complete relief is entered by the court, the complaint should be dismissed as moot. *See, e.g., Franco*, 2015 WL 7758534, at *3; *Maximo*, 2015 WL 4095248, at *4.

This conclusion is consistent with the Supreme Court's recent decision in *Campbell-Ewald Co. v. Gomez*, No. 14-857, 2016 WL 228345 (U.S. Jan. 20, 2016). That decision was expressly limited to the question of whether an unaccepted *offer* to provide complete relief moots

7

a case. *Id.* at *3. The Court held, based on basic principles of contract law, that an unaccepted offer does not create any obligation to pay, so the plaintiff "gain[s] no entitlement to the relief" that the defendant offered. *Id.* at *7. Thus, in *Campbell-Ewald*, when the settlement offer extended to the plaintiff in that case expired, the plaintiff "remained emptyhanded." *Id.*

The Court expressly did not "decide whether the result would be different if a defendant deposits the full amount of the plaintiff's individual claim in an account payable to the plaintiff, and the court then enters judgment for the plaintiff in that amount." *Id.* at *8. *See also id.* at *20 (Alito, J., dissenting) ("I am heartened that the Court appears to endorse the proposition that a plaintiff's claim *is* moot once he has "received full redress" from the defendant for the injuries he has asserted. Today's decision thus does not prevent a defendant who actually pays complete relief—either directly to the plaintiff or to a trusted intermediary—from seeking dismissal on mootness grounds." (internal citations omitted)). Here, Lifetime will make immediate payment directly to Leyse upon entry of judgment and receipt of the requisite tax information from Leyse. (*See* Schneier Decl. ¶ 6.)

The Court also expressly cited and endorsed the Second Circuit's jurisprudence in this area. *See Campbell-Ewald*, 2016 WL 228345, at *5, 6 n.4 (citing *Tanasi*, 786 F.3d at 200). As noted above, in *Tanasi* the Second Circuit explained that, although an offer of judgment by itself does not moot a case, "*after* judgment is entered, the plaintiff's individual claims will become moot for purposes of Article III." 786 F.3d at 200. That holding, which has since been repeatedly reaffirmed, *see Hepler*, 607 F. App'x at 92; *Bank*, 606 F. App'x at 31, is fully consistent with the Supreme Court's decision in *Campbell-Ewald*.

Because the Offer of Judgment here provides Plaintiff with more than the relief that he sought or could achieve in this litigation, entry of judgment consistent with that offer eliminates

8

any case or controversy between the parties. The Complaint should thus be dismissed as moot upon entry of judgment.[2]

## CONCLUSION

For the reasons stated herein, Defendant respectfully requests that this Court enter judgment consistent with Defendant's Offer of Judgment and, upon entry of judgment, dismiss the Complaint as moot.

Dated: New York, New York
       January 27, 2016

    Respectfully submitted,

    DAVIS WRIGHT TREMAINE LLP

    By: /s/ Sharon L. Schneier
        Sharon L. Schneier
        Edward J. Davis
        Eric J. Feder

    1251 Avenue of the Americas, 21st Floor
    New York, New York 10019
    (212) 489-8230
    Fax: (212) 489-8340
    Email: sharonschneier@dwt.com
    Email: eddavis@dwt.com
    Email: ericfeder@dwt.com

    *Attorneys for Defendant*
    *Lifetime Entertainment Services, LLC*

---

[2] The fact that the Complaint originally asserted class claims is of no moment here. The Court has already denied class certification and refused to reconsider that ruling. (*See* ECF Nos. 96, 102.) All that remains pending before *this Court* is Leyse's individual claim, and that claim should properly be dismissed as moot upon entry of judgment.